**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SYNOVUS BANK, successor by merger
to BANK OF NORTH GEORGIA,

Plaintiff,

Case No.

v.

WILLIAM J. STOUT, JR.; REALMARK
GROUP, L.L.C., a Florida limited liability
Company; REALMARK TUCKERS
GRADE, L.L.C., a Florida limited liability
company; and ESSEX CAPE CORAL,
LLC, a Florida limited liability company,

Defendants.
_____________________________________/

**COMPLAINT**

Plaintiff , SYNOVUS BANK ("Lender"), by and through its undersigned counsel, hereby sues defendants WILLIAM J. STOUT, JR. ("Guarantor"), REALMARK GROUP, L.L.C. ("Realmark Group"), REALMARK TUCKERS GRADE, L.L.C. ("Tuckers Grade"), and ESSEX CAPE CORAL, LLC ("Essex"), and states as follows:

**NATURE OF THE ACTION**

1. This is a complaint for damages arising under certain unconditional guaranties executed by Guarantor.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because plaintiff is a citizen of Georgia and defendants are citizens

of Florida, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. Lender is a Georgia banking corporation, with its principal place of business located in Georgia, and is the successor by merger to Bank of North Georgia ("BNG"). True and complete copies of the Certificate of Merger and Certificate of Amendment - Name Change evidencing Lender's succession by merger to BNG are attached hereto as **Composite Exhibit A**.

5. Guarantor is an individual who is a citizen of and domiciled in the State of Florida.

6. Realmark Group is a Florida limited liability company, with its principal place of business in Cape Coral, Florida.

7. Tuckers Grade is a Florida limited liability company, with its principal place of business in Cape Coral, Florida.

8. Essex is a Florida limited liability company, with its principal place of business in Cape Coral, Florida.

## BACKGROUND ALLEGATIONS

### A. The Entrada Loan

9. On or about October 14, 2003, Realmark Group executed and delivered to BNG a Promissory Note in the original principal amount of $5,500,000.00 (the "Original Entrada Note"). A true copy of the Original Entrada Note, complete except for the second page thereof, is attached hereto as **Exhibit B.** *The second page of the Original*

*Entrada Note contains the same standard provisions as the second page of the Original Judd Creek Note, the Original Tuckers Grade Note, the Original Essex Note and the Original TG-Essex Note (as such terms are hereinafter defined). The executed original of the Original Entrada Note has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

10. The principal amount of the loan evidenced by the Original Entrada Note, and the terms of its repayment, have been modified from time to time by operation of the following documents:

(a) Modification of Promissory Note dated October 18, 2005, executed by Realmark Group, BNG and Guarantor, a true and complete copy of which is attached hereto as **Exhibit C** (the "First Entrada Note Modification"). *The executed original of the First Entrada Note Modification has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

(b) Second Modification of Promissory Note dated September 22, 2006, executed by Realmark Group, BNG and Guarantor (the "Second Entrada Note Modification"). *The executed original and Plaintiff's copy of the Second Entrada Note Modification have been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

(c) Third Modification of Promissory Note dated August 10, 2007, executed by Realmark Group, BNG and Guarantor, a true and complete copy of which is attached hereto as **Exhibit D** (the "Third Entrada Note Modification").

*The executed original of the Third Entrada Note Modification has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

(d) Fourth Modification of Promissory Note dated January 28, 2009, executed by Realmark Group, BNG and Guarantor, a true and complete copy of which is attached hereto as **Exhibit E** (the "Fourth Entrada Note Modification"). *The executed original of the Fourth Entrada Note Modification has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

The Original Entrada Note as modified by the documents described in clauses (a) through (d) above is hereinafter called the "Entrada Note," and the extension of credit evidenced by the Entrada Note is hereinafter called the "Entrada Loan."

11. The Entrada Loan is further evidenced by the following promissory notes, each executed by Realmark Group and payable to the order of BNG:

(a) Note and Line of Credit Agreement dated September 22, 2006, in the principal amount of $9,500,000.00, a true and complete copy of which is attached hereto as **Exhibit F**.

(b) Note and Line of Credit Agreement dated December 15, 2006, in the principal amount of $8,605,906.00, a true and complete copy of which is attached hereto as **Exhibit G**.

(c) Note and Line of Credit Agreement dated March 22, 2007, in the principal amount of $8,331,061.68, a true and complete copy of which is attached hereto as **Exhibit H**.

12. Guarantor is liable for payment of the Entrada Loan pursuant to the following guaranties (collectively, the "Realmark Group Guaranties"), each of which was executed by Guarantor in favor of BNG:

(a) Guaranty dated October 14, 2003, a true and complete copy of which is attached hereto as **Exhibit I** (the "2003 Realmark Group Guaranty"). *The executed original of the 2003 Realmark Group Guaranty has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

(b) Guaranty dated February 3, 2004, a true and complete copy of which is attached hereto as **Exhibit J** (the "2004 Realmark Group Guaranty"). *The executed original of the 2004 Realmark Group Guaranty has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

(c) Guaranty dated September 22, 2006, a true and complete copy of which is attached hereto as **Exhibit K**.

(d) Guaranty dated December 15, 2006, a true and complete copy of which is attached hereto as **Exhibit L**.

(e) Guaranty dated March 22, 2007, a true and complete copy of which is attached hereto as **Exhibit M**.

(f) Guaranty dated November 21, 2007, a true and complete copy of which is attached hereto as **Exhibit N** (the "November 2007 Realmark Group Guaranty"). *The executed original of the November 2007 Realmark Group Guaranty has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

13. Lender is the owner and holder of the Entrada Note, the other promissory notes that evidence the Entrada Loan, and the Realmark Group Guaranties.

14. The Entrada Note matured by its terms on January 28, 2012 (the "Maturity Date").

15. Realmark Group defaulted under the Entrada Note, and Guarantor defaulted under the Realmark Group Guaranties, by failing to pay the indebtedness evidenced by the Entrada Note on the Maturity Date or any time thereafter.

16. Pursuant to the Realmark Group Guaranties, Guarantor is liable to Lender for payment of:

(a) $6,220,000.00 that is due on principal on the Entrada Note, plus accrued and unpaid interest and late charges thereon;

(b) all costs and expenses incurred or to be incurred by Lender in collecting the amounts due to it under the Realmark Group Guaranties; and

(c) various other amounts that are or may become due under the terms of the Realmark Group Guaranties.

**B. The Judd Creek Loan**

17. On or about February 3, 2004, Realmark Group executed and delivered to BNG a Promissory Note in the principal amount of $9,500,000.00 (the "Original Judd Creek Note"), a true and complete copy of which is attached hereto as **Exhibit O**. *The executed original of the Original Judd Creek Note has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

18. The principal amount of the loan evidenced by the Original Judd Creek Note, and the terms of its repayment, have been modified from time to time by operation of the following documents, each of which was executed by Realmark Group, BNG and Guarantor:

(a) Modification of Promissory Note dated September 22, 2006 (the "First Judd Creek Note Modification"). *The executed original and Plaintiff's copy of the First Judd Creek Note Modification have been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

(b) Second Modification of Promissory Note dated December 15, 2006 (the "Second Judd Creek Note Modification"). *The executed original and Plaintiff's copy of the Second Judd Creek Note Modification have been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

(c) Third Modification of Promissory Note dated March 22, 2007 (the "Third Judd Creek Note Modification"). *The executed original and Plaintiff's copy of the Third Judd Creek Note Modification have been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

(d) Fourth Modification of Promissory Note dated August 10, 2007, a true and complete copy of which is attached hereto as **Exhibit P** (the "Fourth Judd Creek Note Modification"). *The executed original of the Fourth Judd Creek Note Modification has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

(e) Fifth Modification of Promissory Note dated January 28, 2009, a true and complete copy of which is attached hereto as **Exhibit Q** (the "Fifth Judd Creek Note Modification"). *The executed original of the Fifth Judd Creek Note Modification has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

The Original Judd Creek Note as modified by the documents described in clauses (a) through (e) above is hereinafter called the "Judd Creek Note," and the extension of credit evidenced by the Judd Creek Note is hereinafter called the "Judd Creek Loan."

19. The Judd Creek Loan is further evidenced by the following promissory notes, each executed by Realmark Group and payable to the order of BNG:

(a) Promissory Note dated September 22, 2006, in the principal amount of $7,166,250.00, a true and complete copy of which is attached hereto as **Exhibit R**.

(b) Promissory Note dated December 15, 2006, in the principal amount of $7,166,250.00, a true and complete copy of which is attached hereto as **Exhibit S**.

(c) Promissory Note dated March 22, 2007, in the principal amount of $7,166,250.00, a true and complete copy of which is attached hereto as **Exhibit T**.

20. Guarantor is liable for payment of the Judd Creek Loan pursuant to the Realmark Group Guaranties. As used in this Complaint, the term "Judd Creek Guaranties" means and refers to the Realmark Guaranties in their collective capacity as the basis for Guarantor's liability for payment of the Judd Creek Loan.

21. Lender is the owner and holder of the Judd Creek Note, the other promissory notes that evidence the Judd Creek Loan, and the Judd Creek Guaranties.

22. The Judd Creek Note matured by its terms on the Maturity Date, January 28, 2012.

23. Realmark Group defaulted under the Judd Creek Note, and Guarantor defaulted under the Judd Creek Guaranties, by failing to pay the indebtedness evidenced by the Judd Creek Note on the Maturity Date or any time thereafter.

24. Pursuant to the Judd Creek Guaranties, Guarantor is liable to Lender for payment of:

(a) $7,166,250.00 that is due on principal on the Judd Creek Note, plus accrued and unpaid interest and late charges thereon;

(b) all costs and expenses incurred or to be incurred by Lender in collecting the amounts due to it under the Judd Creek Guaranties; and

(c) various other amounts that are or may become due under the terms of the Judd Creek Guaranties.

**C. The Tuckers Grade Loan**

25. On or about July 29, 2004, Tuckers Grade executed and delivered to BNG a Promissory Note in the principal amount of $13,000,000.00 (the "Original Tuckers Grade Note"), a true and complete copy of which is attached hereto as **Exhibit U**. *The executed original of the Original Tuckers Grade Note has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

26. The principal amount of the loan evidenced by the Original Tuckers Grade Note, and the terms of its repayment, have been modified from time to time by operation of the following documents, each of which was executed by Tuckers Grade, BNG and Guarantor:

(a) Modification of Promissory Note dated August 10, 2007, a true and complete copy of which is attached hereto as **Exhibit V**.

(b) Second Modification of Promissory Note dated January 28, 2009, a true and complete copy of which is attached hereto as **Exhibit W** (the "Second Tuckers Grade Note Modification"). *The executed original of the Second Tuckers Grade Note Modification has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

The Original Tuckers Grade Note as modified by the documents described in clauses (a) and (b) above is hereinafter called the "Tuckers Grade Note," and the extension of credit evidenced by the Entrada Note is hereinafter called the "Tuckers Grade Loan."

27. The Tuckers Grade Loan is further evidenced by a Note and Line of Credit Agreement dated March 22, 2007, executed by Tuckers Grade and payable to the order of BNG in the principal amount of $8,333,750.00, a true and complete copy of which is attached hereto as **Exhibit X**.

28. Guarantor is liable for payment of the Tuckers Grade Loan pursuant to the following guaranties (collectively, the "Tuckers Grade Guaranties"), each of which was executed by Guarantor in favor of BNG:

(a) Guaranty dated July __ 2004, a true and complete of which is attached hereto as **Exhibit Y** (the "2004 Tuckers Grade Guaranty"). *The executed original of the 2004 Tuckers Grade Guaranty has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

(b) Guaranty dated March 22, 2007, a true and complete copy of which is attached hereto as **Exhibit Z** (the "2007 Tuckers Grade Guaranty").

29. Lender is the owner and holder of the Tuckers Grade Note, the other promissory note that evidences the Tuckers Grade Loan, and the Tuckers Grade Guaranties.

30. The Tuckers Grade Note matured by its terms on the Maturity Date, January 28, 2012.

31. Tuckers Grade defaulted under the Tuckers Grade Note, and Guarantor defaulted under the Tuckers Grade Guaranties, by failing to pay the indebtedness evidenced by the Tuckers Grade Note on the Maturity Date or any time thereafter.

32. Pursuant to the Tuckers Grade Guaranties, Guarantor is liable to Lender for payment of:

(a) $8,333,750.00 that is due on principal on the Tuckers Grade Note, plus accrued and unpaid interest and late charges thereon;

(b) all costs and expenses incurred or to be incurred by Lender in collecting the amounts due to it under the Tuckers Grade Guaranties; and

(c) various other amounts that are or may become due under the terms of the Tuckers Grade Guaranties.

**D. The Essex Loan**

33. On or about November 5, 2004, Essex executed and delivered to BNG a Promissory Note in the principal amount of $2,205,000.00 (the "Original Essex Note"), a true and complete copy of which is attached hereto as **Exhibit AA**. *The executed original of the Original Essex Note has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

34. The principal amount of the loan evidenced by the Original Essex Note, and the terms of its repayment, have been modified from time to time by operation of the following documents, each of which was executed by Essex, BNG and Guarantor:

(a) Modification of Promissory Note dated March ___, 2004 *(sic)*, a true and complete copy of which is attached hereto as **Exhibit BB** (the "First Essex Note Modification"). *The executed original of the First Essex Note Modification has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

(b) Second Modification of Promissory Note dated August 10, 2007, a true and complete copy of which is attached hereto as **Exhibit CC** (the "Second Essex Note Modification"). *The executed original of the Second Essex Note Modification has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

(c) Third Modification of Promissory Note dated January 28, 2009, a true and complete copy of which is attached hereto as **Exhibit DD** (the "Third Essex Note Modification"). *The executed original of the Third Essex Note*

*Modification has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

The Original Essex Note as modified by the documents described in clauses (a) through (c) above is hereinafter called the "Essex Note," and the extension of credit evidenced by the Essex Note is hereinafter called the "Essex Loan."

35. The Essex Loan is further evidenced by a Note dated March 22, 2007, executed by Essex and payable to BNG in the principal amount of $2,205,000.00, a true and complete copy of which is attached as **Exhibit EE**.

36. Guarantor is liable for payment of the Essex Loan pursuant to a Guaranty dated March 22, 2007, executed by Guarantor in favor of BNG (the "Essex Guaranty"), a true and complete copy of which is attached as **Exhibit FF**. *The second page of the Essex Guaranty, containing the same standard provisions as the second page of the Realmark Group Guaranties, the Tuckers Grade Guaranties and the TG-Essex Guaranties (as hereinafter defined), has been lost or destroyed, and Plaintiff seeks to re-establish same in Count VI of this Complaint.*

37. Lender is the owner and holder of the Essex Note, the other promissory note that evidences the Essex Loan, and the Essex Guaranty.

38. The Essex Note matured by its terms on the Maturity Date, January 28, 2012.

39. Essex defaulted under the Essex Note, and Guarantor defaulted under the Essex Guaranty, by failing to pay the indebtedness evidenced by the Essex Note on the Maturity Date or any time thereafter.

40. Pursuant to the Essex Guaranty, Guarantor is liable to Lender for payment of:

(a) $2,205,000.00 that is due on principal on the Essex Note, plus accrued and unpaid interest and late charges thereon;

(b) all costs and expenses incurred or to be incurred by Lender in collecting the amounts due to it under the Essex Guaranty; and

(c) various other amounts that are or may become due under the terms of the Essex Guaranty.

**E. The TG-Essex Loan**

41. On or about June 29, 2007, Tuckers Grade and Essex executed and delivered to BNG a Promissory Note in the principal amount of $7,000,000.00 (the "Original TG-Essex Note"), a true and complete copy of which is attached hereto as **Exhibit GG**.

42. The Original TG-Essex Note was modified by a Modification of Promissory Note dated January 28, 2009, executed by Tuckers Grade, Essex, BNG and Guarantor, a true and complete copy of which is attached hereto as **Exhibit HH**. The Original TG-Essex Note as so modified is hereinafter called the "TG-Essex Note," and the extension of credit evidenced by the TG-Essex Note is hereinafter called the "TG-Essex Loan." The TG-Essex Loan, Entrada Loan, Judd Creek Loan, Tuckers Grade Loan and Essex Loan are hereinafter collectively called the "Loans."

43. Guarantor is liable for payment of the TG-Essex Loan pursuant to the 2007 Tuckers Grade Guaranty, the Essex Guaranty, and a Guaranty dated June 29, 2007,

executed by Tuckers Grade and Essex in favor of BNG, a copy of which is attached hereto as **Exhibit II** (collectively, the "TG-Essex Guaranties").

44. Lender is the owner and holder of the TG-Essex Note and the TG-Essex Guaranties.

45. The TG-Essex Note matured by its terms on the Maturity Date, January 28, 2012.

46. Tuckers Grade and Essex defaulted under the TG-Essex Note, and Guarantor defaulted under the TG-Essex Guaranties, by failing to pay the indebtedness evidenced by the TG-Essex Note on the Maturity Date or any time thereafter.

47. Pursuant to the TG-Essex Guaranties, Guarantor is liable to Lender for payment of:

(a) $7,000,000.00 that is due on principal on the TG-Essex Note, plus accrued and unpaid interest and late charges thereon;

(b) all costs and expenses incurred or to be incurred by Lender in collecting the amounts due to it under the TG-Essex Guaranties; and

(c) various other amounts that are or may become due under the terms of the TG-Essex Guaranties.

48. By reason of the aforementioned defaults, Lender has been required to secure the services of the undersigned attorneys to endeavor to collect the sums due to it under the Realmark Group Guaranties, the Judd Creek Guaranties, the Tuckers Grade Guaranties, the Essex Guaranty, and the TG-Essex Guaranties and to conduct these proceedings, and has agreed to pay said attorneys a reasonable fee for their services and

to reimburse them for the costs they incur in connection therewith. All fees, costs and expenses so paid or incurred constitute additional indebtedness of Guarantor to Lender.

49. All conditions precedent to the institution and maintenance of these proceedings and to the relief sought herein have been performed or have occurred.

## COUNT I – ACTION ON REALMARK GROUP GUARANTIES

Plaintiff, Synovus Bank, sues defendant William J. Stout, Jr. and alleges:

50. Plaintiff restates the allegations contained in paragraphs 1 through 16, and 48 through 49 hereof as if fully set forth herein.

**WHEREFORE**, Plaintiff demands judgment for damages against defendant William J. Stout, Jr. for all sums due to Plaintiff under the Realmark Group Guaranties, and for such other and further relief as the Court may deem appropriate.

## COUNT II – ACTION ON JUDD CREEK GUARANTIES

Plaintiff, Synovus Bank, sues defendant William J. Stout, Jr. and alleges:

51. Plaintiff restates the allegations contained in paragraphs 1 through 8, 12, 17 through 24, and 48 through 49 hereof as if fully set forth herein.

**WHEREFORE**, Plaintiff demands judgment for damages against defendant William J. Stout, Jr. for all sums due to Plaintiff under the Judd Creek Guaranties, and for such other and further relief as the Court may deem appropriate.

## COUNT III – ACTION ON TUCKERS GRADE GUARANTIES

Plaintiff, Synovus Bank, sues defendant William J. Stout, Jr. and alleges:

52. Plaintiff restates the allegations contained in paragraphs 1 through 8, 25 through 32, and 48 through 49 hereof as if fully set forth herein.

**WHEREFORE**, Plaintiff demands judgment for damages against defendant William J. Stout, Jr. for all sums due to Plaintiff under the Tuckers Grade Guaranties, and for such other and further relief as the Court may deem appropriate.

**COUNT IV – ACTION ON ESSEX GUARANTY**

Plaintiff, Synovus Bank, sues defendant William J. Stout, Jr. and alleges:

53. Plaintiff restates the allegations contained in paragraphs 1 through 8, 33 through 40, and 48 through 49 hereof as if fully set forth herein.

**WHEREFORE**, Plaintiff demands judgment for damages against defendant William J. Stout, Jr. for all sums due to Plaintiff under the Essex Guaranty, and for such other and further relief as the Court may deem appropriate.

**COUNT V – ACTION ON TG-ESSEX GUARANTIES**

Plaintiff, Synovus Bank, sues defendant William J. Stout, Jr. and alleges:

54. Plaintiff restates the allegations contained in paragraphs 1 through 8 and 41 through 49 hereof as if fully set forth herein.

**WHEREFORE**, Plaintiff demands judgment for damages against defendant William J. Stout, Jr. for all sums due to Plaintiff under the TG-Essex Guaranties, and for such other and further relief as the Court may deem appropriate.

**COUNT VI – ACTION TO RE-ESTABLISH LOST LOAN DOCUMENTS**

Plaintiff, Synovus Bank, sues defendants William J. Stout, Jr., Realmark Group L.L.C., Realmark Tuckers Grade, L.L.C., and Essex Cape Coral, LLC, and alleges:

55. Plaintiff restates the allegations contained in paragraphs 1 through 49 hereof as if fully set forth herein.

56. This is an action to re-establish the following lost documents pursuant to Section 673.3091, Florida Statutes:

(a) the Original Entrada Note;

(b) the First Entrada Note Modification;

(c) the Second Entrada Note Modification;

(d) the Third Entrada Note Modification;

(e) the Fourth Entrada Note Modification;

(f) the 2003 Realmark Group Guaranty;

(g) the 2004 Realmark Group Guaranty;

(h) the November 2007 Realmark Group Guaranty;

(i) the Original Judd Creek Note;

(j) the First Judd Creek Note Modification;

(k) the Second Judd Creek Note Modification;

(l) the Third Judd Creek Note Modification;

(m) the Fourth Judd Creek Note Modification;

(n) the Fifth Judd Creek Note Modification;

(o) the Original Tuckers Grade Note;

(p) the Second Tuckers Grade Note Modification;

(q) the 2004 Tuckers Grade Guaranty;

(r) the Original Essex Note;

(s) the First Essex Note Modification;

(t) the Second Essex Note Modification;

(u) the Third Essex Note Modification; and

(v) the second page of the Essex Guaranty.

57. Guarantor, Realmark Group, Tuckers Grade and Essex are the only known persons or entities that will be affected by this action.

58. As more fully described above, on or about the dates specified herein:

(a) Realmark Group executed and delivered to BNG the Original Entrada Note, First Entrada Note Modification, Second Entrada Note Modification, Third Entrada Note Modification, Fourth Entrada Note Modification, Original Judd Creek Note, First Judd Creek Note Modification, Second Judd Creek Note Modification, Third Judd Creek Note Modification, Fourth Judd Creek Note Modification and Fifth Judd Creek Note Modification (collectively, the "Lost Realmark Group Documents");

(b) Tuckers Grade executed and delivered to BNG the Original Tuckers Grade Note and Second Tuckers Grade Note Modification (collectively, the "Lost Tuckers Grade Documents");

(c) Essex executed and delivered to BNG the Original Essex Note, First Essex Note Modification, Second Essex Note Modification and Third Essex Note Modification (collectively, the "Lost Essex Documents"); and

(d) Guarantor executed and delivered to BNG the 2003 Realmark Group Guaranty, 2004 Realmark Group Guaranty, November 2007 Realmark Group Guaranty, 2004 Tuckers Grade Guaranty and Essex Guaranty (collectively, the "Lost Guaranties").

59. The Lost Realmark Group Documents, Lost Tuckers Grade Documents, Lost Essex Documents and Lost Guaranties (collectively, the "Lost Documents") were lost, misplaced or inadvertently destroyed at the time or in the aftermath of the merger through which Lender succeeded to the interests of BNG under the documents evidencing the Loans, as described in Paragraph 4 of this Complaint.

60. Lender was entitled to enforce the Lost Documents when loss of possession occurred, or has directly acquired ownership of the instruments from a person who was entitled to enforce the Lost Documents when loss of possession occurred.

61. The loss of possession was not the result of a transfer or by a lawful seizure.

62. Lender cannot reasonably obtain possession of the Lost Documents because they were destroyed, their whereabouts cannot be determined, or they are in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

63. Lender has made, and is continuing to make, diligent efforts to locate the executed originals of the Lost Documents; however Lender believes, and therefore alleges, it does not have custody and control over the Lost Documents and deems them to be lost.

64. Lender seeks equitable relief in the form of re-establishment of the Lost Documents.

65. The principles of equity and fairness require that the lost or destroyed instruments described herein be re-established pursuant to the provisions of Section 673.3091, Florida Statutes, during the course of the within suit.

WHEREFORE, Lender respectfully requests this Court to enter a judgment re-establishing the Lost Documents as described herein, pursuant to Section 673.3091, Florida Statutes, together with such other and further relief as may appear proper under the circumstances.

Dated: November 5, 2012

Respectfully submitted,

/s/ Lori V. Vaughan
ROBERTA A. COLTON
Florida Bar No. 371289
racolton@trenam.com
LORI V. VAUGHAN
Florida Bar No. 0154921
lvaughan@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone: (813) 223-7474
Fax: (813) 229-6553
Attorneys for Plaintiff